# GREGG COMPANY, LTD.,
*v.*
# UTUADO SUGAR COMPANY.

San Juan, Equity, No. 898.

ON PETITION OF CARLOS CABRERA TO FORECLOSE MORTGAGE AND TO CANCEL
CERTAIN CONTRACTS OF LEASE.

Reference to Master—General and Administrative.

    1. The regular reference to the master is where he is to hear and report after notice to all parties, and this will be taken up the first motion day after twenty days for exceptions. There is also an administrative reference of a clerical nature which does not call for a hearing or exceptions.

Report—Exceptions.

    2. The equity rules provide for twenty days for exceptions, but if parties agree to a shorter time the exceptions will be heard by the court, and the decision will be binding upon the parties so excepting.

Opinion filed December 21, 1914.

*Mr. Cayetano Coll y Cuchi* for Mr. Cabrera.

*Mr. Jorge Dominguez* for Mr. Iglesias.

HAMILTON, Judge, delivered the following opinion:

1. It is suggested that this matter be referred to the master, and perhaps in this connection I should define a little more clearly the two kinds of reference to the master. The first is

the regular reference in which he notifies all parties and has a hearing and makes a report, which, under the equity rule, lies over twenty days for exceptions, and the court takes it up on the first motion day after the twenty days and passes on the exceptions to the report. That is the usual reference. In fact, that is the only reference actually known, I think, to equity practice. This court has instituted another kind of reference which is of a different character entirely. It is where the court determines upon anything that is brought before it in principle, but on account of press of other business has not the opportunity of writing a decree or examining in detail a decree which is submitted by the parties. In that case, our rule provides for what might be called an administrative reference, clerical reference, in which the court substitutes the master for itself as to looking at the make-up of the decree and the wording of the decree, not the principle at all. That is all settled in advance. In such case there would be no special hearing. The master would naturally see the parties and consult with them, but there would be no formal hearing and no formal report and no exception. The court would like the two kinds of reference kept entirely distinct. In the first case the master acts strictly as master, and in the second case he acts more as law clerk to the judge than anything else.

In a petition such as one to foreclose a mortgage and the cancelation of leases, it would look improper to refer it to the master administratively without allowing the parties to except or to be heard formally, and I do not think I could do it in this case. I mention the two kinds of reference more to get the matter clear than anything else.

2. Both of these petitions then are referred to the master

Gregg Co. v. Utuado Sugar Co.

to hear and report in the usual manner. It is announced by one of the parties that he agrees to file his exceptions, whatever they may be, within five days, and of course, if the exceptions are filed and no objection is raised, the court will be very glad to hear the exceptions and dispose of the case. Whether it would do it finally so as to bind everybody in the case within twenty days need not be passed on right now, but such action would certainly bind the parties who agreed to it.

So this is referred to the master, and the clerk will note, although I do not undertake to make it a part of the decree, that the attorney for Mr. Iglesias agrees to file his exceptions within five days after the report. The master will notify the parties and hear and report as usual.